UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEGGETT & PLATT, INCORPORATED; and L&P PROPERTY MANAGEMENT COMPANY<br><br>Plaintiffs,<br>v.<br><br>VUTEK INC.,<br><br>Defendant. | Case No. 4:05 CV 788 CDP<br><br>Jury Trial Demanded |
| VUTEK INC.,<br><br>Counter-Plaintiff,<br>v.<br><br>LEGGETT & PLATT, INCORPORATED; and L&P PROPERTY MANAGEMENT COMPANY<br><br>Counter-Defendants | |

**ANSWER AND COUNTERCLAIMS**

For its Answer to the Complaint of Leggett & Platt, Incorporated and L&P Property Management Company (collectively "Plaintiffs"), Defendant VUTEk Inc. ("VUTEk") hereby responds to the numbered paragraphs of the Complaint, and in so doing denies the allegations of the Complaint except as specifically stated herein.

**Parties**

1. VUTEk admits that Leggett & Platt, Incorporated, is a Missouri corporation organized and existing under the laws of the State of Missouri, having a principal place of business at Number 1 Leggett Road, Carthage, Missouri 64836.

2. VUTEk admits that L&P Property Management Company is a Delaware corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 4095 Firestone Blvd., South Gate, California 90280.

3. VUTEk admits that it is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at One Vutek Place, Meredith, NH 03253.

**Jurisdiction and Venue**

4. VUTEk denies the allegations in paragraph 4.

5. VUTEk admits that the Complaint purports to state a claim subject to Federal jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and under the patent laws of the United States, 35 U.S.C. § 1, *et seq*. VUTEk is without knowledge or information sufficient to form a belief about the allegations in the second sentence of paragraph 5, and therefore denies the same.

6. VUTEk admits that it does business in this judicial district and that this Court has personal jurisdiction over VUTEk.

7. VUTEk admits that venue in this district is proper pursuant to 28 U.S.C. §§ 1391 and 1400.

**U.S. Patent No. 6,755,518**

8. VUTEk admits that the U.S. Patent No. 6,755,518 ("the '518 patent") lists the filing date of U.S. Application No. 09/989,006 ("the '006 application") as November 21, 2001, that the '006 application is a continuation-in-part of application no. PCT/US01/27023, filed on August 30, 2001, and that the '518 patent issued on June 29, 2004. VUTEk is without knowledge or information sufficient to form a belief about any other allegations in paragraph 8, and therefore denies the same.

9. VUTEk admits that a true and accurate copy of the '518 patent is attached to the Complaint as Exhibit A.

10. VUTEk is without knowledge or information sufficient to form a belief about the allegations in paragraph 10, and therefore denies the same.

11. VUTEk is without knowledge or information sufficient to form a belief about the allegations in paragraph 11, and therefore denies the same.

12. VUTEk states that the face of the ’518 patent identifies L&P Property Management Company as the sole assignee of the patent and identifies no ownership interest of Leggett & Platt, Incorporated in the ’518 patent. VUTEk is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12, and therefore denies the same.

13. VUTEk admits that the title of the ’518 patent is “Method and Apparatus for Ink Jet Printing on Rigid Panels.” VUTEk denies the remaining allegations in paragraph 13.

14. VUTEk admits that the abstract of the ’518 patent states that “Cold UV sources may be used to prevent heat deformation of flat or contoured substrates during printing, thereby making spot curing on heat-sensitive substrates such as foamboard possible.” VUTEk denies the remaining allegations in paragraph 14.

15. VUTEk is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, and therefore denies the same.

16. VUTEk is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and therefore denies the same.

**The VUTEk UV Printers**

17. VUTEk denies that during the term of the ‘518 patent, it has been making, using, offering for sale, selling, and distributing “cold UV printers.” VUTEk discontinued production of printers with cold UV lamps due to technical issues well before the ‘518 patent issued. VUTEk admits that it makes, uses, offers for sale, sells, and distributes the VUTEk PressVu UV 200/600, the VUTEk PressVu UV 180/600 EC, and the VUTEk PressVu UV 180/360 EC printers (hereafter “the accused printers”). VUTEk denies that any of the accused printers is a “cold UV printer” because the accused printers use conventional curing lamps that produce infrared radiation sufficient to heat and thermally deform any relevant substrates.

18. VUTEk admits that the accused printers include conventional lamps which produce both UV and infrared light. VUTEk states that the infrared radiation impinges on the rigid substrate creating heat which deforms the substrate during the printing process. VUTEk denies the remaining allegations in paragraph 18.

19. VUTEk admits that the accused printers include a printhead carriage that moves approximately parallel to a substrate.

20. VUTEk admits that the accused printers include two conventional lamp housing assemblies – one on either side of the printer carriage – that produce light in the UV range to cure jetted ink. However, these conventional lamps also produce infrared radiation sufficient to heat and thermally deform any relevant substrates. VUTEk therefore denies that the accused printers employ any "cold UV curing assembly on the printhead carriage."

21. VUTEk denies the allegations in paragraph 21.

22. VUTEk denies the allegations in paragraph 22.

## Count I

23. VUTEk incorporates and realleges its responses to paragraphs 1 through 22 herein.

24. VUTEk denies the allegations in paragraph 24.

25. VUTEk denies the allegations in paragraph 25.

26. VUTEk denies the allegations in paragraph 26.

## Response to Plaintiffs' Prayer for Relief

VUTEk denies that Plaintiffs are entitled to any relief, either as requested in the Complaint or otherwise.

## First Affirmative Defense: Non-Infringement

27. VUTEk does not infringe, has not infringed, has not and does not induce others to infringe, and has not and does not contribute to the infringement of the '518 patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

28. No claim of the ’518 patent can be validly construed to cover any product made, used, sold, offered for sale, distributed, or imported by VUTEk.

**Second Affirmative Defense: Invalidity**

29. Each claim of the ’518 patent is invalid for failure to comply with one or more provisions of Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

**Third Affirmative Defense: Failure to Mark**

30. Plaintiffs fail to plead compliance with 35 U.S.C. § 287. Therefore, upon information and belief, Plaintiffs’ claim for damages is barred or limited because Plaintiffs failed to mark their patented articles in compliance with 35 U.S.C. § 287.

## COUNTERCLAIMS

Counterclaimant VUTEk alleges the following counterclaims against Counterdefendants Leggett & Platt, Incorporated and L&P Property Management Company:

**Parties**

1. VUTEk is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at One Vutek Place, Meredith, NH 03253.

2. Leggett & Platt, Incorporated, is a Missouri corporation organized and existing under the laws of the State of Missouri, having a principal place of business at Number 1 Leggett Road, Carthage, Missouri 64836.

3. L&P Property Management Company is a Delaware corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 4095 Firestone Blvd., South Gate, California 90280.

4. Leggett & Platt, Incorporated and L&P Property Management Company are referred to herein as Counterdefendants.

**Jurisdiction and Venue**

5. By the Complaint for Patent Infringement alleging infringement of the ’518 patent, Counterdefendants have submitted themselves to the jurisdiction and venue of this Court, and have created an actual controversy with VUTEk.

6. Each of VUTEk’s counterclaims sets forth a cause of action arising under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

**Counterclaim Count One – Declaratory Judgment of Non-Infringement**

7. VUTEk repeats and re-alleges the averments of Paragraphs 1-5 above, as if fully set forth here.

8. VUTEk does not infringe, has not infringed, does not and has not induced infringement, and does not and has not contributed to infringement of the ’518 patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

9. No claim of the ’518 patent can be validly construed to cover any product made, used, sold, offered for sale, or imported by VUTEk.

10. VUTEk requests a declaration that none of its products infringes any claim of the ’518 patent.

**Counterclaim Count Two – Declaratory Judgment of Invalidity**

11. VUTEk repeats and re-alleges the averments of Paragraphs 1-5 above, as if fully set forth here.

12. Each claim of the ’518 patent is invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

13. VUTEk requests a declaration that each claim in the ’518 patent is invalid.

**PRAYER FOR RELIEF**

WHEREFORE, VUTEk respectfully prays that the Court grant the following relief:

(i) Dismiss the Complaint with prejudice;

(ii) Order that Plaintiffs take nothing by way of their Complaint;

(iii) Enter a Declaration that VUTEk does not infringe, has not infringed, does not and has not induced infringement, and does not and has not contributed to infringement of the ’518 patent under any theory, including literal infringement or infringement under the doctrine of equivalents;

(iv) Enter a Declaration that the ’518 patent is invalid;

(v) Find that Plaintiffs had no objective or subjective basis for bringing the Complaint against VUTEk’s accused printers given VUTEk’s open and notorious use of conventional UV lamps, which a reasonable investigation under the circumstances would have revealed;

(vi) Find that this is an exceptional case under 35 U.S.C. §285;

(vii) Award VUTEk its attorney fees and costs incurred in this litigation;

(viii) Enter an injunction enjoining Plaintiffs, and their officers, directors, employees, affiliates and agents, from further asserting the ‘518 patent against VUTEk’s accused printers;

(ix) Grant VUTEk such other and further relief as the Court deems equitable and just in the circumstances.

Respectfully submitted,

By:__/s/ Robert M. Evans____
Robert M. Evans # 35613
Jennifer E. Hoekel #74338
SENNIGER POWERS
One Metropolitan Square, Suite 1600
Saint Louis, MO 63102
Telephone: (314) 231-5400

Facsimile: (314) 231-4342

William C. Rooklidge
Russell B. Hill
Michael Stimson
HOWREY LLP
2020 Main Street, Suite 1000
Irvine, CA 92614-8200
Telephone: (949) 721-6900
Facsimile: (949) 266-5887

CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of June 2005, the foregoing VUTEK'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

David A. Roodman
BRYAN CAVE LLP
211 N. Broadway, Suite 3600
St. Louis, MO 63102-2750
Attorney for Plaintiffs

/s/ Robert M. Evans