UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LEGGETT & PLATT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CV788 CDP |
| | ) | |
| VUTEK, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

I previously held that the patent in suit was invalid, and so entered summary judgment in favor of defendant VUTEk. VUTEk has now filed a bill of costs seeking $1,027,583.52 under 28 U.S.C. § 1920. I had expected an outrageous cost bill, because everything both sides did in this case was excessive, but even with that expectation, I was astonished by the amount of the claim. L&P objects to $955,497.41 of the claim, and I agree with most of its objections. I have not considered the validity of any amounts to which L&P did not object, but will simply direct the Clerk to tax them without objection. See Local Rule 54-8.03, E. D. Mo.

L&P does not challenge VUTEk's claims with regard to fees of the Clerk ($1,387.70), fees for witnesses ($160.00), and fees for exemplification and copies of papers necessarily obtained for use in the case ($44,779.62). L&P objects to

the other claimed categories, at least to some extent.

Under Rule 54(d), Fed. R. Civ. P., "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The specific costs that are recoverable are set out in 28 U.S.C. § 1920 as follows:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. VUTEk, like many prevailing litigants, improperly attempts to obtain portions of its attorney fee as part of taxable costs. The cost statute does not include all expense items that a law firm might reasonably charge its client. Rather, recovery of costs is limited to the items listed in the statute.

Fees for witnesses are limited to $40 a day. 28 U.S.C. § 1821; see also Pinkham v. Camex, Inc., 84 F.3d 292, 295 (8th Cir. 1996). As noted above, L&P did not object to the $160.00 that VUTEk lists for four witnesses. L&P does

object, rightfully, to the expert witness fees of almost a million dollars.  See Crawford Fitting, Co. v. J. T. Gibbons, Inc., 482 U.S. 437 (1987).  Of the $880,067.78 that VUTEk claims for expert witnesses (listed under "other costs" on the form), only $5,326.70, which represents the reasonable travel expenses of the experts, is properly taxable.  VUTEk's late-blooming argument that it should recover expert witness expenses under Rule 26(b)(4)(C) is just silly: that is a discovery rule, it applies equally to both sides, and if the parties had intended to charge one another for the time their numerous experts spent in responding to discovery, they should have raised the issue at the initial Rule 16 conference, or at least at some point before the discovery was undertaken.  That provision has nothing to do with a prevailing party's right to recover costs.

Additionally, VUTEk may not recover any of the $8,025.58 it claims as fees for service of summons and subpoenas, because none of the service was done by the United States Marshal.  Only Marshals' fees for service are taxable as costs, and costs associated with the use of a special process server are not allowed.  See Crues v. KFC Corp., 768 F.2d 230, 234 (8th Cir. 1985); see also Exec. Air Taxi Corp. v. City of Bismarck, 2006 WL 3544386, at *2 (D.N.D. Nov. 7, 2006) (noting that although the role of the federal marshal in civil lawsuits has been diminished since the Eighth Circuit's decision in Crues, district courts remain

bound by that decision); Bunda v. Potter, 2006 WL 266513, at *4 (N.D. Iowa Jan. 31, 2006).

Finally, VUTEk claims $93,163.14 as fees of the court reporter. While the statute only refers to the taxation of costs of the "stenographic transcript," courts within the Eighth Circuit have generally held that the statute implicitly permits the taxation of costs of video depositions where those costs were reasonably incurred for use in the case. See Maytag Corp. v. Electrolux Home Prod., 2006 U.S. Dist. LEXIS 89383, at *12-14 (N.D. Iowa Dec. 11, 2006). Although none of the videos was actually used at trial because there was no trial, it was not unreasonable for the parties to videotape the depositions, and I believe that in this complex case the video transcripts were "necessarily obtained for use in the case."

Therefore, I will allow VUTEk to recover taxable costs of $144,817.16 from L&P. This total includes those costs to which L&P did not object: fees to the Clerk in the amount of $1,387.70, fees for witnesses in the amount of $160, fees for exemplification and copies of papers necessarily obtained for use in the case in the amount of $44,779.62. It also includes my allowances on the contested costs: fees of the court reporter in the amount of $93,163.14, and expert witness travel expenses in the amount of $5,326.70.

Accordingly,

**IT IS HEREBY ORDERED** that VUTEk's motion for bill of costs [#351] is is granted in part and denied in part.

**IT IS FURTHER ORDERED** that the Clerk shall tax allowable costs in the amount of $144,817.16.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file sur-reply [#357] is granted, although the sur-reply did not affect my decision on the motion.

**IT IS FURTHER ORDERED** that L&P's request that I stay this cost award pending appeal is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of February, 2007.