UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEGGETT & PLATT, INCORPORATED, et al., ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | Case No. 4:05CV788 CDP |
| VUTEK, INC., ) ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

This matter is before me on plaintiffs' motion asking me to certify my determination of invalidity of U.S. Patent 6,755,518 as final and appealable under Federal Rule of Civil Procedure 54(b). Because my order was final, I will deny L&P's motion.

**I.    Background**

Plaintiffs Leggett & Platt, Inc. and L&P Management Company (together "L&P") are the owners of U.S. Patent 6,755,518 (the '518 patent), a patent coving a cold UV printing technology used to print on heat-sensitive substrates. On May 17, 2005, L&P filed suit alleging that defendant Vutek, Inc. was infringing the patent. VUTEk counterclaimed, alleging invalidity and non-infringement of the '518 patent. On December 26, 2006, I entered a memorandum and order, finding

the '518 patent invalid.  I also denied both parties' motions for summary judgment on infringement as moot.  On that same date, I issued a Judgment, entering judgment in favor of VUTEK on both the complaint and the counterclaim. The judgment dealt with all claims in the case.  Plaintiff is now concerned that the Federal Circuit may not consider my December 26 judgment to be final. Defendant has not responded to plaintiff's motion and its time for doing so has passed.

## II.  Discussion

A final decision is a decision issued which "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978)   The Judgment issued on December 26, 2006, rendered this case final and appealable.  In that order, I dismissed L&P's complaint and granted judgment to VUTEK on both the complaint and the counterclaim.  Unlike the district court's decision in Int'l Elec. Tech. Corp. v. Hughes Aircraft, Co., et al, 2007 U.S. App. LEXIS 1715, at *5 (Fed. Cir. January 26, 2007), my decision ruled on all remaining claims.

In Hughes Aircraft, the district court granted summary judgment of non-infringement in favor of the defendant.  The defendant's claim of invalidity remained pending, and the defendant did not dismiss this claim.  The Federal

Circuit refused to hear an appeal of the non-infringement decision, holding that the district court's judgment was not final because of the remaining counterclaim of invalidity.

Unlike that case, my decision held that the '518 patent was invalid. As a result, any issues of infringement and non-infringement became moot. No one can infringe an invalid patent claim. See Schering Corp. v. Optical Radiation Corp., 867 F.2d 616, 2 (Fed. Cir. 1989); see also Johnson Fare Box Co. v. National Rejectors, Inc., 269 F.2d 348, 353 (8th Cir. 1959); Bruno Independent Living Aids, Inc. v. Acorn Mobility Serv. Ltd., 286 F. Supp. 2d 1020, 1022 (W.D. Wis. 2003). Any claims of infringement and non-infringement became moot as soon as I determined that the '518 patent was invalid. No further action is needed in this case, and I will not render an advisory opinion. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff L&P's motion to certify my order December 26, 2006 order as final and appealable under Rule 54(b) [#361] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of April , 2007.