4:05-CV-788 CDP


RECEIVED BY MAIL
JUL 2 2007
US DISTRICT COURT
EASTERN DISTRICT OF MO
ST LOUIS

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1189

LEGGETT & PLATT, INCORPORATED and
L&P PROPERTY MANAGEMENT COMPANY,

                      Plaintiffs-Appellants,

v.

VUTEK, INC.,

                      Defendant-Appellee.

ON MOTION

Before MAYER, SCHALL, and LINN, Circuit Judge.

LINN, Circuit Judge.

## O R D E R

VUTEk, Inc. moves to dismiss this appeal for lack of a final judgment. Leggett & Platt, Incorporated et al. (L&P) oppose. VUTEk replies.

L&P sued VUTEk for infringement of its patent. VUTEk counterclaimed for declaratory judgments of noninfringement and invalidity. The parties moved for summary judgment concerning infringement and invalidity. The district court granted the motion for summary judgment of invalidity of the asserted claims. The district court did not decide the motions regarding infringement but stated that "I would have denied them if that had been necessary, because factual issues remained on the question of infringement." The district court entered a judgment "that defendant VUTEk shall have judgment on plaintiffs' complaint and on its counterclaim, and plaintiffs' complaint is

dismissed in its entirety.  Claims 1, 2, 3, 7, 9, 10, and 19 of U.S. Patent 6,755,518 are invalid."

After L&P filed its appeal from that judgment, it asked the district court to certify pursuant to Fed. R. Civ. P. 54(b) the district court's disposition of the complaint and/or VUTEk's counterclaim for a declaratory judgment of invalidity, because it appeared that VUTEk's counterclaim for a declaratory judgment of noninfringement remained pending. The judge denied the motion for a Rule 54(b) judgment, stating that she had ruled on all claims and that any infringement issues "became moot."

VUTEk argues that the district court's judgment did not, one way or the other, decide its counterclaim for a declaratory judgment of noninfringement.  We agree.  If the district court decided not to address infringement, then it necessarily <u>denied</u> VUTEk's counterclaim for a declaratory judgment of noninfringement, a determination that VUTEk might have chosen to appeal.  The final judgment does not state such a disposition, but instead states that it granted judgment to VUTEk "on its counterclaim."  Apparently, the district court granted relief on the counterclaim seeking a declaratory judgment of invalidity but stated no disposition of the other counterclaim.

We make no determination whether the district court should deny VUTEk's counterclaim for noninfringement as moot or decide it.  In any event, until it has been disposed of, absent a Fed. R. Civ. P. 54(b) judgment, there is no final judgment on all claims for relief and we must dismiss this appeal.

Accordingly,

IT IS ORDERED THAT:

(1)     The motion to dismiss is granted.

2007-1189                                                 - 2 -

(2) All other pending motions are moot.

FOR THE COURT

JUN 2 7 2007

Date

Richard Linn
Circuit Judge

cc: David A. Roodman, Esq.
Russell Burke Hill, Esq.

s8

ISSUED AS A MANDATE: JUN 2 7 2007

**FILED**
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JUN 2 7 2007

**JAN HORBALY**
**CLERK**

**CERTIFIED COPY**
I HEREBY CERTIFY THIS DOCUMENT
IS A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE.

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

By: C. M. Tomlinson  Date: 6-27-07

2007-1189                                            - 3 -

U.S. COURT OF APPEALS FOR THE FEDERAL CIRCUIT
THE NATIONAL COURTS BUILDING
717 MADISON PLACE, NW.
WASHINGTON, DC 20439

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300



U.S. District Court
Eastern District of Missouri
111 South 10th Street
Suite 3.310
St. Louis, MO  63102