UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LEGGETT & PLATT, INCORPORATED, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:05CV788  CDP |
| VUTEK, INC., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiffs have filed a renewed motion asking me to certify my determination of invalidity of U.S. Patent 6,755,518 as final and appealable under Federal Rule of Civil Procedure 54(b).  In an order dated April 6, 2007, I denied Leggett & Platt, Inc.'s original motion because I believed my invalidity determination to be final and appealable.  The Federal Circuit has now held that my judgment was not final because it did not specifically deal with VUTEk's noninfringement counterclaim.  The Federal Circuit has not expressed an opinion about whether I should deny VUTEk's counterclaim for non-infringement as moot or decide it.  Because my determination of invalidity mooted VUTEk's non-infringement counterclaim, I will dismiss that counterclaim as moot and enter a new judgment.

## Discussion

Plaintiffs Leggett & Platt, Inc. and L&P Management Company (together "L&P") are the owners of U.S. Patent 6,755,518 (the '518 patent), a patent covering a cold UV printing technology used to print on heat-sensitive substrates. On May 17, 2005, L&P filed suit alleging that defendant Vutek, Inc. was infringing the patent. VUTEk counterclaimed, alleging invalidity and non-infringement of the '518 patent. On December 26, 2006, I entered a memorandum and order, finding the '518 patent invalid. I also denied both parties' motions for summary judgment on infringement as moot. On that same date, I issued a Judgment, entering judgment in favor of VUTEK on both the complaint and the counterclaim.

In this case, the non-infringement claim is mooted by the determination of invalidity. No one can infringe an invalid patent claim. See Schering Corp. v. Optical Radiation Corp., 867 F.2d 616, 2 (Fed. Cir. 1989); see also Johnson Fare Box Co. v. National Rejectors, Inc., 269 F.2d 348, 353 (8th Cir. 1959); Bruno Independent Living Aids, Inc. v. Acorn Mobility Serv. Ltd., 286 F. Supp. 2d 1020, 1022 (W.D. Wis. 2003). Any claims of infringement and non-infringement became moot as soon as I determined that the '518 patent was invalid.

I continue to believe that it is inappropriate to issue a Rule 54(b)

determination. If I had thought my earlier decision was not final, I would have required the parties to go to trial, rather than entering what I thought was a final judgment.

Accordingly,

**IT IS HEREBY ORDERED** that defendant VUTEk's renewed motion for Rule 54(b) determination [#365] is denied.

**IT IS FURTHER ORDERED** that VUTEk's counterclaim for a declaratory judgment of non-infringement is dismissed as moot.

A separate judgment in accordance with this Memorandum and Order and with my earlier orders will be entered today.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 9th day of July , 2007.